UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ASIL LEON HUBLEY,<br><br>　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>　　Defendant. | NO. 2:13-CV-0193-JLQ<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

　　Plaintiff appeals from the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his application for Supplemental Security Income (SSI) benefits after a hearing before an Administrative Law Judge ("ALJ"). This case, filed on May 24, 2013, was reassigned to the undersigned on February 6, 2014. (ECF No. 18).

　　Before the court are Cross-Motions for Summary Judgment. (ECF Nos. 15, 16). Plaintiff is represented by attorney Lora Lee Stover. Defendant is represented by Assistant United States Attorney Pamela DeRusha and Special Assistant United States Attorney Thomas Elsberry. Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## I. PROCEDURAL HISTORY

　　Plaintiff has been pursuing Supplemental Security Income (SSI) benefits for the past six years. His two previous applications were denied. Plaintiff did not appeal the determination denying his first application filed on July 10, 2008. On April 7, 2009, he filed a second application for SSI benefits alleging disability due to a broken right

ORDER - 1

hand, deformed right hip, right knee, and right pelvis. This second application was denied on July 29, 2010 after hearing by administrative law judge (ALJ) R. J. Payne. ALJ Payne determined the Plaintiff had the capacity to perform sedentary work with limitations despite the following severe impairments: a history of fracture injuries to the right hand, Blount's disease, a right knee torn lateral meniscus status post repair, obesity, and diminished internal rotation of the right hip. Through Ms. Stover, his present attorney, Plaintiff sought review of that decision in this court. E.D.WA Cause No. CV-11-0299-CI. In an opinion by Magistrate Judge Cynthia Imbrogno, hearing the matter by consent of the parties, the Commissioner's decision was affirmed. *See Hubley v. Colvin*, 2013 WL 1703365 (E.D.Wash., April 18, 2013).

On September 15, 2010, less than two months after ALJ Payne's decision denying his second application, Plaintiff filed a new application for SSI benefits alleging disability beginning December 31, 2001 (later amended to July 30, 2010). (Tr. 169-179). Plaintiff's application was denied initially and on reconsideration. He requested a hearing before an ALJ. On March 12, 2013 an administrative hearing was held before ALJ Marie Palachuk. Testifying at the hearing were Richard A. Hutson, M.D. , a medical expert and orthopedic surgeon; Scott Whitmer, a vocational expert; and Plaintiff. On March 28, 2012 the ALJ issued an order finding Plaintiff not disabled since September 15, 2010, the date of his current application. (Tr. 36). Plaintiff requested review of the ALJ's decision. (Tr. 19-20). The Appeals Council denied his request for review on March 27, 2013 (Tr. 1-7), making the ALJ's ruling the "final decision" of the Commissioner as the term is defined by 42 U.S.C. § 405(g). Plaintiff commenced this action on May 29, 2013 seeking judicial review of the Commissioner's final decision. (ECF No. 5).

**II. FACTUAL BACKGROUND**

The facts are contained in the medical records, administrative transcript (ECF No. 12)("Tr."), and the ALJ's decision, and are only briefly summarized here.

ORDER - 2

### A.   Plaintiff's History

Plaintiff was born in 1981 and was 30 years old at the time of the ALJ's hearing. He testified he is married and has nine children who reside in the household. (Tr. 203). Plaintiff completed the tenth grade, but dropped out during 11th grade to look for work to support his family. (Tr. 73). He has attended classes to complete his GED, but has yet to complete it. He is left handed.

Plaintiff has a limited work history with jobs of short duration including a fast food worker and construction worker. He has earned over $1,000/year in just two jobs: a laundry laborer at Superior Linen in 2000 and a book sorter at a library in 2001. At Superior Linen he lifted carpets onto and operated a "carpet roller machine." (Tr. 74). He was injured on the job when his right hand was trapped in the machine. *Id.* In 2001, he left the book sorting position through the Tacoma-Pierce County Employment and Training Consortium to move to Spokane. (Tr. 76). Plaintiff has not worked steadily since moving to Spokane.

Plaintiff claims his ability to work is limited by worsening pain secondary to his impairments impacting his feet, calves, knees, pelvis, hips, low back, and his non-dominant, right hand.

### B.   Medical Evidence

The medical record includes treatment notes and records reviewed previously pursuant to Plaintiff's prior disability applications. Plaintiff's medical history is thoroughly discussed in ALJ Payne's 2010 decision and ALJ Palachuk's decision in this case. ALJ Payne's decision discusses that Plaintiff was diagnosed with Blount's Disease, an unusual bone disorder which causes the lower leg to turn inward ("intoeing"), at age 3 or 4 at Madigan Army Medical Center (Tr. 204). Plaintiff wears valgus unloading knee braces. (Tr. 419). Dr. Hutson testified at the administrative hearing that at 5 feet 9 inches in height and approximately 240 pounds, Plaintiff is considered obese. (Tr. 58).

Plaintiff was seen for his general health care needs at Group Health and

Spokane Falls Family Clinic. In 2009 and again in 2011, Plaintiff underwent surgery on his right knee. (Tr. 254; 514-515, Operative Report of Miguel Schmitz, M.D.). The record also includes clinical records from Spokane Occupational & Hand Therapy, Summit Rehabilitation Associates, Northwest Orthopaedic Specialist, Schindler's Orthotic and Prosthetic Services, Providence Orthopedic Specialties, Star Physical Therapy and Rehabilitation, Alpine Orthopedic and Spine, and Houk Chiropractic Clinic. Plaintiff sought emergency room treatment at Deaconess Medical Center on 12/16/09 (pain), 1/8/2010 (pain), and 5/10/2011 (bleeding post knee surgery).

A consultative psychological evaluation was conducted on December 7, 2010 by Joyce Everhart, Ph.D. (Tr. 284-289). A consultative physical examination was performed by A. Peter Weir, M.D. on December 16, 2010 (Tr. 291-296).

The record also contains the reviews of non-examining state agency medical professionals, Jerry Gardner, Ph.D. (January 7, 2011, Tr. 305-317), Patricia Kraft, Ph.D. (March 8, 2011, Tr. 345), and Alfred Scottolini, M.D. (Tr. 346).

### C. Commissioner's Findings

The ALJ found at Step 1 that Plaintiff had not engaged in substantial gainful activity since September 15, 2010, the date of Plaintiff's most recent SSI application. (Tr. 27).

At Step 2, the ALJ determined that Plaintiff had the following severe impairments: juvenile osteochondrosis (Blount's disease), obesity, and Legg-Calvé-Perthes Disease (20 CFR 416.920(c)). She found Plaintiff's diagnosed "Pain Condition Associated with Both Psychological Factors and General Medical Conditions," as well as depression and hand impairments, were non-severe. (Tr. 28-39).

At Step 3, considering the effects of obesity, the ALJ determined that the Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the listed impairments in 20 CFR Pt. 404 Subpt. P App 1 (Listings).

ORDER - 4

At Step 4, the ALJ determined the Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 416.967(b) with certain exertional and non-exertional limitations.

> The claimant can occasionally perform postural movements, except he can never crawl, kneel, or climb ladders, ropes, or scaffolds. The claimant should avoid concentrated exposure to extreme temperatures, wetness, humidity, vibration, and all exposure to hazards.

(Tr. 30). In her Step 4 findings, the ALJ devoted a lengthy discussion to the medical evidence and Plaintiff's testimony, and concluded that Plaintiff's physical limitations "were not as significant as alleged." (Tr. 35). The ALJ also considered the fact that Plaintiff is a "younger individual" as defined by 20 C.F.R. 416.963 and has a limited education. (Tr. 35). Based upon this determination of Plaintiff's RFC, the ALJ concluded Plaintiff could not perform his past relevant work. (Tr. 35).

At Step 5, the ALJ found transferability of job skills not an issue because Plaintiff's past relevant work was unskilled. (Tr. 35). Relying upon the testimony of vocational expert, Scott Whitmer, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that the claimant can perform, including weight tester (SVP 2, sedentary), mail clerk (SVP 2, light), and bottling line attendant (SVP 1, light). (Tr. 36). Accordingly, the ALJ concluded that Plaintiff was not disabled, as defined by the Social Security Act, from September 15, 2010 to March 28, 2012.

### III. LEGAL STANDARDS

#### A. Sequential Evaluation

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if the impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering

claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987):

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is, benefits are denied. If he is not, the decision maker proceeds to Step 2.

Step 2: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to Step 4.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past? 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the inquiry proceeds to the Fifth and final Step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education and work experience? 20 C.F.R. §§ 404.1520(f), 416.920(f).

The initial burden of proof rests upon the Plaintiff to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th

Cir. 1971). The initial burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show (1) that the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### B. Standard of Review

This court's role on review of the decision of the ALJ is limited. The court reviews that decision to determine if it was supported by substantial evidence and contains a correct application of the law. *Valentine v. Comm'r. Soc. Sec. Admin,* 574 F. 3d 685,690 (9th Cir. 2009). This court is obligated to affirm the ALJ's findings if they are supported by substantial evidence and the reasonable inferences to be drawn therefrom. *Molina v. Astrue*, 674 F. 3d 1104, 1110-11 (9th Cir. 2012)**.** Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion.

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence and the [Commissioner] applied the proper legal standards." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). This court may set aside a denial of

benefits only if the basis for denial is not supported by substantial evidence or if it is based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is the role of the trier of fact, the ALJ, not this court, to resolve conflicts in the evidence. *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Thomas*, 278 F.3d at 954 (9th Cir. 2002).

**IV. ISSUES**

Plaintiff contends the ALJ's decision was not supported by substantial evidence and identifies three specific issues for review:

1. Whether the ALJ erred at Step 2 finding non-severe Plaintiff's medically determinable impairment of status post fracture of the right non-dominant hand;

2. Whether the ALJ erred in assessing Plaintiff's credibility and "disregarded" Plaintiff's pain complaints; and

3. Whether the ALJ erred at Step 4 in determining Plaintiff's RFC.

(ECF No. 15 at 9).

Plaintiff asks the court to reverse the ALJ and remand for the award of benefits, or alternatively, to remand for further consideration. The Commissioner contends the ALJ's decision is supported by substantial evidence.

**V.   DISCUSSION**

   **A.   Step 2**

The record reflects Plaintiff has a remote history of non-dominant, right hand fractures, one associated with an on the job injury in 2000 or 2001. The medical record evidences Plaintiff has a mild deformity associated with his hand condition, status post fractures of the third, fourth and fifth metacarpals, right hand. Plaintiff asserts the ALJ erred at Step 2 in determining Plaintiff's hand impairments were non-severe.

At Step 2, a claimant must make a threshold showing that his medically determinable impairments significantly limit his ability to perform basic work

ORDER - 8

activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996) (quoting Social Security Ruling (SSR) 85–28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id.* (*citing Bowen v. Yuckert*, 482 U.S. 137, 153–54(1987)).

The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe," or "disabling" as defined by the Social Security regulations. *See, e.g., Edlund*, 253 F.3d at 1159–60; *Fair v. Bowen*, 885 F.2d 597, 602–03 (9th Cir.1989); *Key v. Heckler*, 754 F.2d 1545, 1549–50 (9th Cir. 1985). To establish the existence of a medically determinable impairment, the claimant must provide medical evidence consisting of "signs—the results of 'medically acceptable clinical diagnostic techniques,' such as tests—as well as symptoms," a claimant's own perception or description of his physical or mental impairment. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). A claimant's own statement of symptoms alone is not enough to establish a medically determinable impairment. See 20 C.F.R. §§ 404.1508, 416.908. In addition, the impairment must last, or be expected to last, for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909 (durational requirement).

The court notes ALJ Palachuk's Step 2 analysis differed from ALJ Payne's 2010 decision as ALJ Payne included a finding of "history of fracture injuries to right hand" in the list of severe impairments. (Tr. 191). However, ALJ Palachuk was not required to adopt this finding where there was new and material evidence relating to Plaintiff's hand impairment and this sequential step. SSR 97-4(9), 1997 WL 742759, at *1-3 (Dec. 3, 1997). The ALJ's decision explicitly addressed this evidence. The

ORDER – 9

ALJ's decision notes the fact that Plaintiff sought treatment at Spokane Occupational & Hand Therapy in February 2009 "several years" after his injury requesting a splint for his hand, reporting that he "mostly wanted to wear the splint on an as needed basis when he was experiencing pain." (Tr. 28, Tr. 327). The clinic note from the visit reflected that he was able to make a full fist. (Tr. 327). Plaintiff was provided a splint and as the ALJ states, "no additional occupational therapy was ordered." Several months later, the office declined Plaintiff's request to provide a statement of "what he can and cannot do." (Tr. 325). In his consultative evaluation on December 16, 2010, Dr. Weir noted a *mild* deformity of the right third, fourth, and fifth metacarpals post fractures, but rated Plaintiff's grip strength as 5/5. He concluded that no functional limitations resulted therefrom. Finally, the ALJ accorded significant weight to the testimony of the testifying medical expert, Dr. Hutson, who did not find support in the record of claimed vocational limitations associated with Plaintiff's use of his hands. *Id*. The ALJ ultimately concluded that treatment notes "do not support *ongoing* complaints of hand problems" or a hand impairment "which results in significant vocational limitations." (Tr. 28).

Plaintiff disputes these findings on two grounds, arguing the evidence demonstrates Plaintiff's hand impairment is more than a slight abnormality. Plaintiff directs the court to 1) the use of a "prescribed" splint and 2) evidence of decreased right hand grip strength contained in the 6/8/2010 Summit Rehabilitation physical therapy record for back, hip and knee pain. (Tr 388) (noting 35 pound right hand grip and 120 pound left hand).

The ALJ's nonseverity findings are supported by substantial evidence. The record affirmatively demonstrates Plaintiff has a remote history of right hand fracture injuries. Plaintiff's alleged intermittent pain, treated with the use of a splint on an as needed basis, does not evidence that the condition affects his ability to perform basic work activities. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (holding that an impairment that can be controlled effectively is not

ORDER - 10

disabling for social security purposes). The record also reflects Plaintiff returned to work at Superior Linen and continued employment after his injury to his hand. The unexplained Summit Rehabilitation notation regarding grip from a single day in 2010, is insufficient to support a finding of severe hand impairments. Even if the ALJ erred in not finding Plaintiff's hand impairment severe, the error is harmless because none of the treating, examining, or reviewing providers assessed any functional limitations associated with the impairment. As the ALJ also concluded, the record does not support the conclusion that Plaintiff is an individual "not capable of using [his] non-dominant hand on a frequent basis," (Tr. 88) as in Plaintiff's counsel's question posed to the vocational expert at the administrative hearing. (Tr. 35).

**B. Credibility**

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner, not this court. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "secondguess" it. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment. *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) (*citing Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). If the record establishes the existence of a medically determinable impairment that could reasonably give rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as to the credibility of the claimant's statements about the symptoms and their functional effect. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir.2006)(citations omitted). Where the record includes objective medical evidence that the claimant suffers from an impairment that could reasonably produce the symptoms of which the claimant complains, an adverse credibility finding must be based on clear and convincing reasons. *Carmickle v. Commissioner, Social Security Administration*, 533 F.3d 1155, 1160 (9th Cir.2008) (citations omitted). The only time this standard does not apply is

ORDER - 11

when there is affirmative evidence of malingering. *Id*. The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir.2004).

Plaintiff contends the ALJ "improperly rejected [his] testimony," "failed to give convincing rationale for discounting Plaintiff's allegations" and committed "harmful error...in rejecting his pain complaints." (ECF No. 15 at 14). Plaintiff claims the Plaintiff's credibility is "bolstered" by the diagnosis made by Joyce Everhardt, Ph.D. of "Pain Condition Associated with Both Psychological Factors and General Medical Conditions." ECF No. 15 at 14. This is the whole of Plaintiff's argument on this issue. Plaintiff has not identified any specific error or challenged the grounds on which the ALJ discounted the claimed severity of Plaintiff's symptoms, including pain. As noted by Defendant, claims that are unsupported by explanation or authority may be deemed waived. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923–24 (9th Cir. 1996) ; *Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)(holding that courts cannot manufacture arguments for parties and should not consider claims not fully argued).

A claimant's assertion of pain must be given serious consideration, as pain in and of itself can be disabling. Courts have cautioned, however, that severity in pain disorders varies widely, and the claimant's subjective complaints need not be accepted insofar as they clash with other evidence in the record. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001). Notably, Plaintiff has not challenged the ALJ's evaluation of Dr. Everhardt's opinion and Step 2 finding that Plaintiff had no severe mental impairment.

The ALJ's 5-page evaluation of the evidence and credibility findings were sufficiently specific and based upon clear and convincing reasons. First, the ALJ found that Plaintiff's disabling chronic pain complaints were not fully corroborated by the objective medical evidence. For example, the ALJ noted that Dr. Howlett was

ORDER - 12

unable to determine an exact cause of the Plaintiff's pain or discomfort, questioned the Plaintiff's use of assistive devices, and recommended conservative management. (Tr. 32). The ALJ also noted that Dr. Weir observed Plaintiff ambulating in the parking lot both before and after his examination without limp and without obvious discomfort. (Tr. 33). Second, the ALJ considered the internal conflicts with the Plaintiff's own statements, conduct and testimony. The ALJ noted his "wide range of activities," which demonstrated Plaintiff was capable of maintaining a household, caring for nine children, walking his children to school two and half to three blocks away, occasionally driving, attending classes four days a week, and tending to homework. Finally, the ALJ observed the Plaintiff's limited work history raised a question as to whether the Plaintiff's unemployment "is actually due to medical impairments." (Tr. 35). All of the reasons discussed by the ALJ were valid reasons and convince the court Plaintiff's pain complaints were not arbitrarily discredited. (Tr. 35).

### C. Residual Functional Capacity (RFC)

Finally, in disputing the ALJ's credibility findings, Plaintiff argues the ALJ's RFC determination is erroneous claiming it does not take into consideration Plaintiff's "pain complaints, his limited education, and his hand impairments." (ECF No. 15 at 14). As discussed above, the ALJ gave specific, legally sufficient reasons for concluding Plaintiff's hand impairment was non-severe, that it imposed no functional restrictions, and for discounting Plaintiff's allegations of disabling chronic pain. Plaintiff's argument that the ALJ failed to consider his limited education is without merit, as the ALJ made specific findings concerning Plaintiff's limited education, asked the vocational expert to consider an individual "within the limited educational regulatory category," and adopted the unskilled work identified by the vocational expert as within the Plaintiff's RFC. (Tr. 36, 85). Moreover, Plaintiff has failed to show that his mental abilities would prevent him from being able to perform the jobs identified by the ALJ.

ORDER - 13

Plaintiff also contends the RFC "would have been even more restrictive, if the limitations were based upon the opinions of Plaintiff's orthopedic surgeon Migueal Schmitz [M.D.] - See Tr 509..." (ECF No. 15 at 15). On October 20, 2011, Dr. Schmitz completed a form regarding Plaintiff's functional capacity and stated Plaintiff could seldom lift/carry twenty pounds, occasionally lift/carry ten pounds, frequently sit, seldom stand/walk, or bend/stoop, and never climb, twist, squat/kneel, crawl, operate foot controls, or vibratory tasks. The ALJ specifically considered Dr. Schmitz's opinion and accorded it little weight, due to its inconsistency with the totality of the evidence in the record and noting it was completed "only about five months after his [knee] surgery, and "thus this opinion would not support limitations for a twelve-month duration." (Tr. 34).

Plaintiff has not challenged the ALJ's evaluation of Dr. Schmitz's opinion or argued that the ALJ failed to apply the correct legal standards in weighing any of the medical evidence. Absent legal error or an obviously erroneous decision, the court will not remand the case simply in hopes that a new ALJ will view the same evidence in a different light. In determining Plaintiff's RFC, the ALJ analyzed numerous medical opinions of the record to resolve conflicts. The ALJ's findings are supported by the record and constitute a rational interpretation of the evidence.

## VI. CONCLUSION

**IT IS SO ORDERED:**

1. Plaintiff's Motion For Summary Judgment (**ECF No. 15**) is **DENIED;**

2. Defendant's Motion For Summary Judgment (**ECF No. 16**) is **GRANTED.**

The Clerk of Court is directed to file this Order, enter judgment dismissing the Complaint and the claims therein with prejudice, provide copies to counsel, and **CLOSE THE FILE**.

DATED this 20th day of March, 2014.

               s/ Justin L. Quackenbush
               JUSTIN L. QUACKENBUSH
          SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 14